Reese, J.
delivered the opinion of the court.
’ This bill is filed against the administrators for. an account, and against the distributees to subject certain negroes to the satisfaction of the claim of complainants, on the ground that the negroes were in fact, or at all events by operation of the third section of the act of 1801, ch. 25, as to creditors, the property of the intestate, and were fraudulently conveyed by him and a certain Young to the defendants in his lifetime. As to this latter branch of the case much testimony has been taken, and one proposition is clearly established in proof, namely, that the possession which the intestate had of the negroes in controversy was as bailee and not as donee; the negroes were lent to him by Young, his father-in-law, and not given. But it is said that they continued for more than five years in the possession of the intestate, and so, by the provisions of the act referred to, were liable to the claims of his creditors. But a great many witnesses state, in general terms, that the negroes were re-possessed by Young once, at least in every two years, and two or three instances of re-delivery and re-possession are specially proved. As a matter of fact, then, we. think it well established that the negroes never continued for the term of five years at any one time in the possession of the borrower. But if this were not so, it is proved that in 1832, when the conveyance to the trustee of the defendants was made by the intestate and Young, the negroes were in the actual possession of Young and had been for some weeks; and if, prior to that time, they had remained for more than five years in the possession of the in-, testate, they would still have continued the property of the *198 bailoiyexcept as to the claim of creditors existing at and during that period. But the complainants became creditors subsequently to the regaining of possession by Young in 1832,. and have no claim to affect the property founded on the prior possession of the bailee. This point was decided by this court, in the case of Walker vs. Wynne, 3 Yerger’s Rep. 72. The court in that case say, “ We are of opinion, from the evidence, the property was a loan to the son; and although in the first instance the negro remained with him for the space of five years, and thereby became liable to creditors who were such at the expiration of the term of five years, yet before these defendants became such, the property was re-vested in the complainant, who held the same as his own. As against his son he could retain the property; neither time nor limitation operated for him, being a mere bailee. When the father became possessed of the property a second time, and then parted with it, it was a new lending,, and five years not having elapsed since such last loan,, these-creditors could not seize and sell this property.” There is nothing opposed to this view of the case in Peters vs. Chares, 4 Yerger, 176. What is said in that very brief case is con-, firmatory of it. We are altogether satisfied of its correctness, and we affirm the chancellor’s decree dismissing the bill as to the claims for the slaves from the distributees..